Breitel, J. (dissenting).
The constitutional right of an indigent defendant to the minutes of a pretrial hearing derives from the Equal Protection Clause (People ex rel. Cadogan v. McMann, 24 N Y 2d 233, 235-236). Hence, the right is a relative one dependent upon the availability of daily minutes to a defendant who is not indigent. Unless it can be said that any defendant may be entitled without exception to an adjournment of an impending trial in order to obtain hearing minutes, an indigent defendant should not be entitled to a greater right. The request in this case was made and denied without intervening court days, and, therefore, while the testimony at the brief suppression hearing was fresh in the minds of defendant, and, more important, of his counsel. Under the circumstances of this case to require the hearing minutes on the next court day is the equivalent of requiring daily minutes. People v. Zabrocky (26 N Y 2d 530) held that this was not necessary.
True, the Zabrocky case (supra) held that it is not necessary to show prejudice in order to be entitled to minutes on timely demand. If the extraordinary request of immediate minutes is to be granted and, therefore, placed beyond the discretionary control of the hearing or Trial Judge, at the very least, there should be a showing of need for the minutes, and, therefore, prejudice, if they are not obtained in advance of the trial. Since the witness in question did not testify for some days there was ample opportunity for defendant to renew his request and to show such need or prejudice. In fact, at this very late *730 date no need for the minutes appears and defendant has shown none (cf. People ex rel. Cadogan v. McMann, supra, at p. 240). The case simply illustrates, with consequent delay and the undoing of another criminal prosecution, a mechanical application of a merely verbal logic. To characterize every constitutional issue as involving a fundamental right leads to unfruitful analysis and untoward results.
Accordingly, I dissent and vote to affirm.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan and Gibson concur in memorandum; Judge Breitel dissents and votes to affirm in an opinion in which Judge Jasen concurs.
Order reversed, etc.